IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DEYVIS VIZCAINO,** ) | |
|     Petitioner, ) | Case No. 7:23-cv-00001 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **UNITED STATES OF AMERICA,** ) | Chief United States District Judge |
|     Respondent. ) | |

## MEMORANDUM OPINION

Deyvis Vizcaino, an inmate proceeding pro se, is currently in the custody of the Virginia Department of Corrections. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking to be transferred to a federal prison. For the reasons set forth below, the petition is **DISMISSED** without prejudice.

### I. BACKGROUND

On September 17, 2019, the United States filed a one-count information against Vizcaino in the United States District Court for the Eastern District of Virginia, charging him with conspiracy to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846. United States v. Vizcaino, No. 2:19-cr-00156 (E.D. Va.), Dkt. No. 1.[1] Vizcaino was in state custody at the time the information was filed. Therefore, the United States Attorney filed a petition for writ of habeas corpus ad prosequendum to secure his appearance in connection with the federal charge. Id.,

---

[1] All further docket references (Dkt. No.) in this section refer to the docket in the underlying criminal case.

Dkt. No. 4. Once in temporary federal custody pursuant to the writ, Vizcaino entered a plea of guilty to the offense charged in the information, and he was sentenced to a term of imprisonment of 180 months. Id., Dkt. No. 31 at 2. The judgment specified that the sentence "shall run currently [sic] with any sentence imposed in the defendant's pending cases in Virginia Beach Circuit Court, as those charges are considered relevant conduct to the instant offense." Id. The court recommended that Vizcaino be incarcerated in a facility in the Southern District of New York. Id.

Vizcaino was returned to state custody after his federal sentence was imposed.[2] He is currently incarcerated at Augusta Correctional Center, a state prison located in the Western District of Virginia. In his petition, Vizcaino alleges that he "was ordered to be housed in a facility in the Southern District of New York" and that has received "inadequate health care while waiting to be transferred to an appropriate [Bureau of Prisons (BOP)] facility." Pet., ECF No. 1, at 6, 8. He seeks to "expedite the transfer" to a facility that can accommodate his medical needs. Id.

## II.   DISCUSSION

Vizcaino seeks relief under 28 U.S.C. § 2241. "Section 2241 entitles a prisoner to habeas corpus relief if '[h]e is in custody in violation of the Constitution or laws or treaties of the United States.'" Seay v. Cannon, 927 F.3d 776, 781 (4th Cir. 2019) (quoting 28 U.S.C. § 2241(c)(3)). For the following reasons, the court concludes that Vizcaino's petition fails to state a cognizable claim for relief under § 2241.

---

[2] When a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum, the state "merely loans the prisoner to federal authorities" United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998).

First, a request to be transferred to a different correctional facility is not cognizable in a habeas petition. "Section 2241 habeas petitions are appropriate when an inmate seeks to challenge 'the very fact or duration of his physical imprisonment.'" Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). They may not be used to challenge "the location in which one is in custody." Pischke v. Litscher, 178 F.3d 497, 499–500 (7th Cir. 1999); see also Wilborn v. Mansukhani, 795 F. App'x 157, 164 (4th Cir. 2019) (concluding that a claim seeking to have the BOP reconsider where an inmate was being housed did not "fall within the scope of habeas corpus"); Maday v. Pfister, 727 F. App'x 209, 209 (7th Cir. 2018) (affirming the dismissal of a § 2241 petition filed by an inmate seeking to be transferred to a federal prison to serve his concurrent state and federal sentences).

Second, "when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum . . . the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). In other words, Vizcaino will not be taken into the federal custody of the BOP until he completes his state sentence. This court is without authority to order the Commonwealth of Virginia to relinquish custody any sooner. See United States v. Brown, No. 1:16-cr-00051, 2017 WL 4876236, at *1 (W.D.N.C. Oct. 30, 2017) (explaining that the court was not authorized to order the state to relinquish custody of the defendant so that he could serve his concurrent state and federal sentences in federal custody).

Third, Vizcaino overstates the significance of the recommendation that he be incarcerated in a facility in the Southern District of New York. "When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" Tapia v. United States, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)). Although a district court "can recommend that the BOP place an offender in a particular facility or program[,] . . . decisionmaking authority rests with the BOP." Id. Thus, even when Vizcaino enters federal custody, the district court's recommendation will not be binding on the BOP. United States v. Lester, 985 F.3d 377, 385 (4th Cir. 2021).

Finally, to the extent Vizcaino alleges that he is not receiving proper medical treatment at Augusta Correctional Center, a § 2241 petition is not the proper vehicle for challenging his conditions of confinement. Rodriguez, 715 F. App'x at 266. If Vizcaino believes that state prison officials are providing constitutionally inadequate medical care, he may file a civil rights action under 42 U.S.C. § 1983. See Hill v. McDonough, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.") (internal quotation marks and citations omitted).

### III. CONCLUSION

For the reasons stated, the petition is **DISMISSED** without prejudice for failure to state a cognizable claim for relief under § 2241. The court declines to issue a certificate of appealability. An appropriate order will be entered herewith.

Entered: April 20, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.04.20 15:30:59
-04'00'

Michael F. Urbanski
Chief United States District Judge

5